UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL CHRISTIAN,

    Plaintiff,

v.

ENHANCED RECOVERY
COMPANY, LLC,

    Defendant.
_____/

## Complaint

### I. Introduction

1. This is an action for damages, brought by a consumer against a debt collector for violating the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and Michigan Occupational Code ("MOC"), M.C.L. § 339.901 *et seq.*

### II. Jurisdiction

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) (FDCPA), and 28 U.S.C. § 1331. This Court has supplemental jurisdiction regarding plaintiff's state law claims under 28 U.S.C. § 1367. Venue in this judicial district is proper because the pertinent events took place here.

### III. Parties

3. Plaintiff Michel Christian is an adult, natural person residing in Kent County, Michigan. Mr. Christian is a "consumer" and "person" as the terms are defined and/or used in the FDCPA. Mr. Christian is a "consumer," "debtor" and "person" as the terms are defined

1

and/or used in the MOC.

4. Defendant Enhanced Recovery Company, LLC ("ERC") is a Delaware limited liability company, with offices at 8014 Bayberry Road, Jacksonville, Florida 32256. The registered agent for ERC in Michigan is Capitol Corporate Services, Inc., 712 Abbott Road, East Lansing, Michigan 48823. ERC uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts. ERC regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. ERC is a "debt collector" as the term is defined and/or used in the FDCPA. ERC is qualified to do business in Michigan for the stated purpose of "Third party debt collections via interstate commerce." ERC is licensed (No. 2401002443) by the State of Michigan to collect delinquent consumer debts in Michigan. ERC is a "collection agency" and "licensee" as the terms are defined and/or used in the MOC.

## IV. Facts

5. Mr. Christian had a credit account with AT&T which he used to purchase goods and/or services for personal, family and household purposes. Any resulting obligation to pay money was a "debt" as the term is defined and used in the FDCPA and MOC.

6. Mr. Christian had a dispute with AT&T regarding his account (#444108392). Mr. Christian discontinued his service with AT&T.

7. Mr. Christian refused to pay the amount demanded by AT&T.

8. Mr. Christian disputes owing AT&T the amount claimed by AT&T.

9. Mr. Christian continues to refuse to pay the amount demanded by AT&T.

10. AT&T hired ERC to collect the alleged debt from Mr. Christian.

11.     On or about April 12, 2012 at approximately 10:19 a.m., ERC used an automated dialing system or similar device to place a telephone call from telephone number 800-893-3081 to Mr. Christian's cellular telephone and then used a pre-recorded and/or computer generated voice to leave the following message on Mr. Christian's voice mail: "Hello. This is a call for Michael Christian. This is not a sales or marketing call. If this is Michael Christian, press one now. If this is not Michael Christian, press two now. Once again, if this is Michael Christian, press one now. If this is not Michael Christian, please press two now."

12.     On or about April 12, 2012, Mr. Christian reviewed his cellular telephone voice mail and heard the above-quoted message.

13.     On or about April 13, 2012, Mr. Christian placed a telephone call to 800-893-3081. The call was answered by an ERC employee. In the ensuing conversation, the ERC employee stated that ERC had placed the above-described telephone call to Mr. Christian's cellular telephone and left the above-quoted message on Mr. Christian's voice mail for the purpose of attempting to collect the alleged debt from Mr. Christian.

14.     The only reason ERC placed the above-described telephone call to Mr. Christian's cellular telephone was to attempt to collect the alleged debt from Mr. Christian.

15.     The only reason ERC placed the above-described telephone call to Mr. Christian's cellular telephone and and left the above-quoted message on Mr. Christian's voice mail was to attempt to collect the alleged debt from Mr. Christian.

16.     The words spoken by ERC in the above-quoted message left on Mr. Christian's cellular telephone voice mail constituted a "communication" as the term is defined and used in the FDCPA and MOC.

17. ERC did not disclose in the above-quoted message it left on Mr. Christian's cellular telephone voice mail that call was from a debt collector.

18. By failing to disclose in the above-quoted message left by ERC on Mr. Christian's cellular telephone voice mail that the caller was a debt collector, ERC violated the FDCPA, 15 U.S.C. § 1692e(11). *See, e.g., Joseph v. J.J. Mac Intyre Companies, L.L.C.*, 281 F.Supp.2d 1156 (N.D. Cal. 2003); *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F.Supp.2d 1104 (C.D. Cal. 2005); *Foti v. NCO Financial Systems, Inc.*, 424 F.Supp.2d 643 (S.D.N.Y. 2006).

19. ERC did not state the name of its company in the above-quoted message left by ERC on Mr. Christian's cellular telephone voice mail.

20. ERC placed a telephone call to Mr. Christian's cellular telephone and left the above-quoted message on Mr. Christian's voice mail without providing meaningful disclosure of the caller's identity and violated the FDCPA, 15 U.S.C. § 1692d(6).

21. ERC did not reveal the purpose of the telephone call in the above-quoted message left by ERC on Mr. Christian's cellular telephone voice mail.

22. ERC concealed the purpose of the telephone call in the above-quoted message left by ERC on Mr. Christian's cellular telephone voice mail.

23. ERC did not reveal and concealed the purpose of the telephone call in the above-quoted message left by ERC on Mr. Christian's cellular telephone voice mail, which violated the MOC, M.C.L. § 339.915(e).

24. In the one-year period immediately preceding the filing of this complaint, ERC in connection with efforts to collect a consumer debt placed telephone calls to more than one hundred persons with Michigan addresses and Michigan telephone numbers and left one or more

recorded messages on the voice mail or telephone answering machine of the person called, without disclosing in the message that the telephone call was from a debt collector.

25. In the one-year period immediately preceding the filing of this complaint, ERC in connection with efforts to collect a consumer debt placed telephone calls to more than one hundred persons with Michigan addresses and Michigan telephone numbers and left one or more recorded messages on the voice mail or telephone answering machine of the person called, without making a meaningful disclosure of the caller's identity.

26. In the one-year period immediately preceding the filing of this complaint, ERC in connection with efforts to collect a consumer debt placed telephone calls to more than one hundred persons with Michigan addresses and Michigan telephone numbers and left one or more recorded messages on the voice mail or telephone answering machine of the person called, without revealing in the message the purpose of the telephone call.

27. In the one-year period immediately preceding the filing of this complaint, ERC in connection with efforts to collect a consumer debt placed telephone calls to more than one hundred persons with Michigan addresses and Michigan telephone numbers and left one or more recorded messages on the voice mail or telephone answering machine of the person called, which message(s) concealed the purpose of the telephone call.

28. The FDCPA states in part, "It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors" and "to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." 15 U.S.C. § 1692(e).

29. ERC, to increase its business and profits, has knowingly chosen to use debt

collection practices that violate the FDCPA and Michigan law, to the competitive disadvantage of those debt collectors who have chosen to abide by the law and refrain from using those same unlawful debt collection practices.

30.   The acts and omissions of ERC done in connection with efforts to collect the alleged debt from Mr. Christian were done intentionally and wilfully.

31.   ERC intentionally and wilfully violated the FDCPA and MOC.

32.   As an actual and proximate result of defendant's acts and omissions, plaintiff has suffered actual damages and injury, including but not limited to, monetary loss, fear, stress, mental anguish, emotional stress, acute embarrassment and suffering for which he should be compensated in an amount to be established by jury and at trial.

V.   **Claims for Relief**

### Count 1– Fair Debt Collection Practices Act

33.   Plaintiff incorporates the foregoing paragraphs by reference.

34.   Defendant has violated the FDCPA. Defendant's violations of the FDCPA include, but are not necessarily limited to, the following:

    a)   Defendant violated 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress, or abuse a person in connection with the collection of a debt;

    b)   Defendant violated 15 U.S.C. § 1692e by using false, deceptive and misleading representations and means in connection with the collection or attempted collection of a debt; and

    c)   Defendant violated 15 U.S.C. § 1692f by using unfair and unconscionable means

to collect or attempt to collect a debt from plaintiff.

**Wherefore,** plaintiff seeks judgment against defendant for:

a) Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

b) Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c) Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

d) Such further relief as the court deems just and proper.

### Count 2 – Michigan Occupational Code

35. Plaintiff incorporates the foregoing paragraphs by reference.

36. Defendant has violated the MOC. Defendant's violations of the MOC include, but are not necessarily limited to, the following:

a) Defendant violated M.C.L. § 339.915(a) by communicating with a debtor in a misleading or deceptive manner;

b) Defendant violated M.C.L. § 339.915(e) by making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt;

c) Defendant violated M.C.L. § 339.915(e) by concealing or not revealing the purpose of a communication when it is made in connection with collecting a debt; and

d) Defendant violated M.C.L. § 339.915(q) by failing to implement a procedure designed to prevent a violation by an employee.

**Wherefore,** plaintiff seeks judgment against defendant for:

a) Actual damages pursuant to M.C.L. § 339.916(2);

b) Treble the actual damages pursuant to M.C.L. § 339.916(2);

c)   Statutory damages pursuant to M.C.L. § 339.916(2); and

d)   Reasonable attorney's fees and court costs pursuant to M.C.L. § 339.916(2).

**Demand for Trial by Jury**

Plaintiff demands trial by jury.

Dated: April 24, 2012

*/s/ Phillip C. Rogers*
Phillip C. Rogers (P34356)
Attorney for Plaintiff
40 Pearl Street, N.W., Suite 336
Grand Rapids, Michigan 49503-3026
(616) 776-1176
ConsumerLawyer@aol.com